[No. 19993.   Department Two.   July 14, 1926.]

## A. FINHOLT et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

[1] APPEAL (123)—REVIEW—OBJECTIONS—ADMISSION OF EVIDENCE. In an action against a city, error cannot be assigned upon testimony concerning damage not referred to in the claim against the city, where no objection was made thereto at the time of the trial.

[2] MUNICIPAL CORPORATIONS (427, 454)—STREETS—OBSTRUCTION—EVIDENCE—CONDITION OF WAY. Where a city denied the existence of an obstruction in the street, causing plaintiff damage, evidence that other persons came in contact with the obstruction is admissible.

[3] EVIDENCE (132)—DOCUMENTARY EVIDENCE—PHOTOGRAPHS. It is not error to exclude photographs of the locality in question where they were not taken under conditions sufficiently similar to those at the time of the accident.

Appeal from a judgment of the superior court for King county, Hall, J., entered January 13, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries. Affirmed.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for appellant.

*Roberts & Skeel* and *D. D. Mote,* for respondents.

MACKINTOSH, J.—Spokane avenue is thirty-four feet wide, and the city of Seattle obstructs its south side by a bent which extends into the roadway seven feet, five inches. The respondents, in their Ford car, at midnight, drove slowly into this bent, and in this action for the resulting injuries to the respondent wife the jury found the city negligent, and judgment was entered in accord.

[1]Reported in 247 Pac. 950.

[1] Testimony of the wife concerning her headaches produced by the injury is here complained against, for the reason that such an item of damage was not referred to in the filed claim. Were it true that, under the claim, this item might not be collectible, yet the complaint comes too late, for the testimony was not objected to during the trial on the ground now urged.

[2] Multitudinous clashes between this bent and automobiles were told about on the witness stand, and the city desires that another trial be held, where this testimony will be absent. The city pleaded that no obstruction existed, and the respondents were within their rights in producing this testimony to prove notice to the city of the existence and nature of the obstruction.

[3] Photographs of the locality offered by the appellant were denied admission, and this is said to have been wrong. The record on this point shows that the pictures were not taken under conditions sufficiently similar to those at the time of the accident to have them do more than confuse, and they were, therefore, properly refused.

Demand for a nonsuit is made, on the assertion that the respondents were guilty of contributory negligence; that they should have seen the bent; that their lights were not up to legal requirements, and for other reasons. Without extended review of the evidence, the reading of it is conclusive that the question was one for the jury and not for the court. No nonsuit could properly have been granted.

No complaint is made regarding instructions or the amount of recovery allowed, and the only thing remaining to be done is to affirm the judgment.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.